## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

      **v.**                                                           **CR NO. 08-214 (JMF)**

**JOHNNIE W. JAMES,**

      **Defendant.**

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial.  After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1.      On March 25, 2008, at approximately 6:25 p.m., Officer Ricardo Leiva of the Metropolitan Police Department was on duty parked at the intersection of 14th and Randolph Streets, N.W. when he noticed the defendant drive by in tan four-door Toyota Camry.  The officer noticed the defendant's car because his rear license plate was covered with a plastic cover, which is illegal.

2.      The officer followed the defendant and ultimately pulled him over in an alley in the 1300 block of Taylor Street, N.W.  When the officer pulled into the alley, the defendant had already exited his car and was walking toward the officer.  The officer told the defendant to get back into his car.  The defendant did so and then

drove away.

3.     The officer again followed the defendant in his car and ultimately the defendant pulled into an alley in the 1200 block of Allyson street., approximately ten blocks from where the defendant had first stopped.

4.     This time, the officer saw that the defendant had parked his car and was walking away from it.  The defendant was carrying a blue and red Walt Disney bag, a black fleece jacket, and a small black pouch.  The officer promptly arrested the defendant and conducted a search of the items in defendant's hand and of the car.

5.     From the Disney bag, the officer seized $28,020.00 in U.S. currency.  From the black pouch, the officer seized 31.8 grams of crack cocaine, 57.2 grams of powder cocaine, a digital scale with white powder residue, and numerous zip lock bags.  Officer Leiva also seized $1,800.00 in U.S. currency from the defendant's left front pants pocket.  From the center console of the car, the officer seized another 37.8 grams of crack cocaine.

6.     The car the defendant was driving was registered to him and the officer also found insurance papers for the car and other mail matter bearing the defendant's name in the car.

### REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. § 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1.     The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2.     The weight of the evidence;

3.     The history and characteristics of the person, including

    a.     His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b.     Past conduct, history relating to drug or alcohol abuse;

    c.     Criminal history;

    d.     Record concerning appearance at court proceedings;

    e.     Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.     The nature and seriousness of the danger to any person or the community that

would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  Defendant is charged with the possession of large quantities of crack and powder cocaine, which was intended for resale.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**  Defendant was born in South Carolina but has lived in the District of Columbia his entire life.  He is widowed and has four children, none of whom live with him.  Defendant is currently unemployed but does odd jobs.

**The weight of the evidence.**  The weight of the evidence is overwhelming.  When the defendant was arrested, he had in his hand a bag which contained a vast quantity of cocaine, both crack and powder.  In addition, in his car was an additional quantity of crack cocaine.

**History relating to drug or alcohol abuse.**  Testing indicates current drug use by the defendant.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.**  On August 26, 1981, the defendant was convicted of carrying an unregistered firearm and unregistered ammunition, for which he received a suspended sentence of one year and one year of probation for both counts. On December 21, 1983, the defendant was convicted of the manufacture, distribution and

possession with the intent to distribute a controlled substance, for which he received a ten year sentence with five years suspended. His supervision in that case closed on January 13, 1993. On January 2, 1990, the defendant was convicted of shoplifting, for which he received a sentence of one year of supervised probation. On June 16, 1991, the defendant was convicted of attempted possession with the intent to distribute cocaine, for which he received a suspended sentence of one to three years with three years probation. On September 2, 1994, the defendant was convicted of possession of drug paraphernalia and attempted possession with the intent to distribute cocaine, for which he received a sentence of 30 days and three to nine years, respectively. There is no further information as to the defendant's release in this mater.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. Because he was found to be in possession of a total of 69.6 grams of crack cocaine, 57.2 grams of powder cocaine, a total of $29,820 in U.S. currency and a digital scale and ziplock bags, clearly indicating that the defendant is engaged in the repackaging and distribution of large quantities of cocaine and because he proffered little beyond his ties to the D.C. area to rebut the presumption of his dangerousness created by the Bail Reform Act, I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

_____/S/_____
**JOHN M. FACCIOLA**

5

**UNITED STATES MAGISTRATE JUDGE**

**April 1, 2008**