# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| vs. | : Case No.: 1:08-cr-120 |
| JOHNNIE W. JAMES | : |

## DEFENDANT'S MOTION FOR MODIFICATION
## OF PRETRIAL DETENTION ORDER AND
## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Johnnie W. James, (hereinafter "James"), by and though undersigned counsel, hereby moves this Court, pursuant to 18 U.S.C. § 3145(b), to vacate the pretrial detention order issued April 1, 2008, and to release Mr. James into the third-party custody of the Intensive Supervision Program of the Pre-Trial Services Agency, alternatively into a halfway house with work release, or any other form of conditional release deemed appropriate by the Court. As grounds for this motion Mr. James states as follows:

Mr. James has been indicted on a charge of Unlawful Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(iii).

Mr. James is a fifty-six year old man and a life-time resident of the District of Columbia area. Mr. James has the following prior convictions: Carrying an Unregistered Firearm and Unregistered Ammunition in 1981 for which he received a suspended sentence of one year and one year probation; Manufacture, Distribution, and Possession with the Intent to Distribute in 1983 for which he received a ten year sentence with five

years suspended; Shoplifting in 1990 for which he received one year of supervised probation; Attempted Possession with Intent to Distribute Cocaine in 1991 for which he received a suspended sentence of one to three years with three years probation; Possession of Drug Paraphernalia and Attempted Possession with Intent to Distribute Cocaine in 1995 for which he was received a sentence of 30 day and three to nine years respectively. It is undersigned counsel's understanding that Mr. James did well in all of his prior supervised release and probation programs.

There is absolutely no evidence that Mr. James is a flight risk.  Mr. James has no prior Failure To Appear violations.  Mr. James has strong ties to the community, is responsible, and will appear for trial when notified.  Additionally, Mr. James's age and none violent history is indicative that he does not pose a safety risk to the community.

If released, Mr. James would reside, with his Fiancé, at his residence 4808 61st Avenue Hyattsville, MD 20782.  Mr. James will be supported by his daughter Nadene Price.  Mr. James would specifically agree to electronic monitoring and/or home detention pending trial.  Mr. James was also employed at the time of his arrest.

## ARGUMENT

Congress enacted the Bail Reform Act of 1984 to give courts the authority to consider factors such as the likelihood of flight and community safety in making release determinations.  In passing the Act, however, Congress did not intend to authorize the wholesale pretrial incarceration of all persons accused of criminal offenses.  Indeed, the Act expressly provides that "[n]othing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S. Code Section 3142(j).  To the contrary,

the passage of the pretrial detention provision of the 1984 Act bespeaks a recognition that "there is a small but identifiable group of particularly dangerous [persons] as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. It is with respect to this limited group . . . that the courts must be given the power to deny release pending trial." S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, reprinted in U.S. Code Cong. & Ad. News 3189 (emphasis supplied). Mr. James is not within that limited group. It is apparent from the Act's legislative history, as well as the statutorily mandated consideration of the least restrictive alternatives to detention, that Congress contemplated pretrial detention of only a small percentage of the individuals awaiting trial.

The legislative history of the Act also stresses that "[t]he decision to provide for pretrial detention is in no way a derogation of the importance of the [accused's] interest in remaining at liberty prior to trial. It is anticipated that [pretrial release] will continue to be appropriate for the majority of federal defendants." *Id.* at 7, 12, *reprinted in*, 1984 U.S. CODE CONG. & AD. NEWS 3189. Mr. James is among that majority for whom a combination of conditions short of detention without bond can be fashioned to "reasonably assure" the safety of the community and his appearance for trial. *See United States v. Orta*, 760 F.2d 887 (8th Cir. 1985). *See also* 18 U.S.C. §3142(c)(1)(B) (judicial officer shall order the pretrial release of an accused "subject to the least restrictive further condition or combination of conditions, that such judicial officer shall determines will reasonably assure the appearance of the person as required and the safety of any other person and the community") (emphasis supplied).

Courts have recognized that, consistent with the intent expressed in the 1984 Act's

legislative history, the statutory scheme of § 3142 continues to favor release over pretrial detention. *See United States v. Orta*, 760 F.2d 887, 890-892 (8th Cir. 1985); *United States v. Miller*, 625 F. Supp. 513, 516-17 (D.Kan. 1985). In Mr. James's case, his continued detention without bond is not the least restrictive alternative available that will assure the community's safety and his return for future court dates. *See U.S. v. Xulam,* 84 F.3d 441 (D.C. Cir. 1996).

Title 18 U.S.C. Section 3142(e) provides for pretrial detention if the government is able to show that no condition of release will reasonably assure the accused's appearance as required and the safety of any other person or the community. *See United States v. Salerno*, 481 U.S. 739, 741 (1987).

WHEREFORE for the foregoing reasons, any which may appear at a full hearing on this matter, and any others this Court deems just and proper, Mr. James, through counsel, respectfully requests that he be released into the Intensive Supervision Program of the Pretrial Services Agency or, alternatively, released to the third party custody of the Department of Corrections, for placement in a halfway house.

                                                   Respectfully submitted,

                                                   _/s/__*Harry Tun*_____
                                                   Harry Tun, Esquire
                                                   The Law Office of Harry Tun
                                                   400 Fifth Street, N.W., Suite 300A
                                                   Washington, DC 20001
                                                   P: (202) 393-2882
                                                   F: (202) 783-5407
                                                   Email: Tunharry@aol.com
                                                   *Attorney for Johnnie W. James*

**CERTIFICATE OF SERVICE**

  I, hereby certify that on this 21st day of May, 2008, a copy of the foregoing Motion was sent to all parties of record by e-mail/ECF.


                   _/s/ Harry tun_
                   Harry Tun, Esquire

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

vs.

Case No.: 1:08-cr-120

JOHNNIE W. JAMES

## **ORDER**

This matter comes before the Court upon consideration of the Defendant's Motion for Modification of Pretrial Detention Order. Having reviewed the motion, and any opposition thereto, it is this _____ day of _____ 2008, hereby:

**ORDERED** that the motion be and is hereby **GRANTED**.

Entered: _____

_____
JUDGE