IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.: 08-120 (RBW) |
| | : | Status Hearing: May 30, 2008 |
| JOHNNIE W. JAMES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION FOR MODIFICATION OF PRETRIAL DETENTION ORDER

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Motion for Modification of Pretrial Order.

### Procedural Background

Defendant, Johnnie W. James, is charged with Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), and to Unlawful Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On March 31, 2008, Magistrate Judge Facciola, after a hearing, held Defendant without bond. On May 21, 2008, Defendant filed a Motion for Modification of Pretrial Order requesting that the Court release him into the community with conditions, or into a halfway house, claiming that there is no evidence that Defendant is a flight risk. Defendant's motion is without merit. Defendant cannot overcome the presumption that there is no condition or combination of conditions will reasonably assure appearance of defendant and the safety of the community.

### Factual Background

On March 25, 2008, at approximately 6:25 p.m., Officer Ricardo Leiva of the Metropolitan

Police Department observed a tan Toyota Camry bearing D.C. tag no. CA4206 traveling northbound in the 3800 block of 14th Street, N.W., Washington, D.C. The rear tag was covered by a plastic protective lens which altered the clear view of the tag. Officer Leiva activated his emergency equipment and attempted to conduct a traffic stop as the vehicle turned eastbound into the 1300 block of Taylor Street, N.W. The driver and sole occupant, later identified as Defendant, Johnnie Walker James, turned a corner, stopped the vehicle and quickly got out of the vehicle. He then began to walk toward Officer Leiva. Officer Leiva advised him to return and wait in his vehicle. Defendant then got back in his vehicle and drove off, fleeing the officer. Officer Leiva pursued Defendant for approximately ten blocks with his emergency equipment activated. Defendant struck another car and ran a stop sign in the course of fleeing. He then drove into the 1100 block of Allison Street, and into the south alley of that block.

Officer Leiva turned into the alley. Defendant's vehicle was parked and Defendant was walking away from the vehicle carrying keys, a blue Disney bag, a black fleece, and a black pouch. Officer Leiva ordered him to drop these items, which Defendant did, and placed him under arrest. Officer Leiva searched Defendant and found $1,890.75 on his person. Officer Leiva searched the black bag and located a digital scale, and a box of sandwich bags containing two plastic wraps. One wrap contained 29.8 grams of cocaine base, also known as crack cocaine, and the other contained 54.9 grams of cocaine hydrochloride, also known as powdered cocaine. The Disney bag contained $28,020.00 in cash. There was one $20 bill in the bag, and the rest of the money was in one hundred dollar bills that were rubber-banded into twenty-eight bundles, each of which contained $1,000.00. Officer Leiva searched the vehicle, which is registered to Defendant. In the center console of the vehicle and the adjacent cupholders, officers recovered twenty-one ziplock bags consisting of a total

of 20.8 grams of crack cocaine.

## Argument

Defendants who are charged with an offense for which a term of imprisonment of ten years is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, are eligible for pretrial detention. 18 U.S.C. § 3142(f)(C). Where there is probable cause to believe that a defendant committed such an offense, it is presumed that there is no condition or combination of conditions that will reasonably assure appearance of defendant and the safety of the community. 18 U.S.C. § 3142(e). The Court is to consider four factors "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required[.]" 18 U.S.C. § 3142(g). These four factors are discussed below.

1. <u>The nature and circumstance of the offense charged</u>. Defendant is charged with the possession of large quantities of crack and powdered cocaine, which he intended to sell. Defendant already tried to flee the police, leading Officer Levia on a ten block chase through the District of Columbia, running a stop sign and side swiping another vehicle in the process. His flight on the scene demonstrates that he is a risk of flight from prosecution.

2. <u>The weight of the evidence against the person</u>.

The case against defendant is strong. Defendant attempted to prevent Officer Leiva from approaching his car, fled the scene of the original traffic stop when Officer Leiva ordered him back to his car, and then attempted to walk away from the car before Officer Leiva arrested him. A majority of the recovered narcotics and related paraphernalia were located in bags he was personally carrying as he attempted to distance himself from the car. To the extent that there were narcotics in the car, Defendant was the sole recent occupant of the car, and it is registered to him.

3. <u>The history and characteristics of the person.</u>

Defendant has as many as three prior drug felony convictions and could face mandatory life's imprisonment if convicted in this case, making him a serious flight risk. Moreover, Defendant's criminal record is lifelong. He was convicted of Attempted Possession with Intent to Distribute Cocaine and Possession of Drug Paraphernalia on January 3, 1995; of Attempted Possession with Intent to Distribute Cocaine on December 16, 1992; of Shoplifting on January 25, 1990; of Possession with Intent to Distribute an unidentified substance on April 9, 1984; of Possession of an Unregistered Firearm and Unregistered Ammunition on June 17, 1982; and of Possession of a Controlled Substance on December 5, 1977. In addition, Defendant has limited ties to the community. He is widowed and none of his children live with him, so he has limited emotional connection to the community. The home in which he lives is his mother's, and he is unemployed, which means he is not financially tied to the community, and further, upon information and belief, that he cannot be placed into a work release program at a halfway house. Finally, at the time of his arrest, Defendant tested positive for drugs.

4. <u>The nature and seriousness of the danger to any person or the community that would be posed by the person's release</u>

As discussed above, the crime charged in this matter involves the sale of a large quantity of narcotics in the community. Defendant's prior convictions evidence that he has not been deterred from continuing to sell drugs in the past and that he is likely to continue to do so in the future. This is a crime that would be hard to monitor and prevent should Defendant be released.

## Conclusion

For the foregoing reasons, the government respectfully submits that Defendant cannot

overcome the presumption that there are no conditions or combination of conditions which would assure the return of this defendant to all future court appearances. Accordingly, the government requests that the Court deny Defendant's motion for modification of pretrial detention order.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney

By:    /s/
        Emily A. Miller
        DC Bar 462077
        Assistant U.S. Attorney
        Federal Major Crimes Section
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 514-7533